S. RICHARDS v. THE STATE.

No. 8340.   Decided April 2, 1924.

Rehearing denied May 14, 1924.

**1.—Possessing Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of possessing intoxicating liquor, for the purpose of sale, the evidence supports the conviction, there is no reversible error.

**2.—Same—Bills of Exception.**

Where the bills of exception complaining of certain testimony do not show the relevancy of the objection, the same cannot be considered on appeal.

**3.—Same—Indictment—Constitutional Law.**

The constitutionality of the Dean Liquor Law and that of the Volstead Act has often been upheld, and there is no error in overruling the motion to quash the indictment.

4.—Same—Charge of Court—Burden of Proof.

There was no error in charge of the court for failing to instruct a verdict of not guilty or as to the burden of proof.

5.—Same—Rehearing—Jurisdiction—Transfer of Case.

In the absence of a showing of the record how the case came to be so transferred from one District Court to another, there is no reversible error.

6.—Same—Evidence—Threatening Witness.

The fact that one charged with crime threatened or attempted to intimidate the witness against him would be provable in any case, and there is no error.

Appeal from the District Court of Jefferson. Tried below before the Honorable George C. O'Brien.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at one year in the penitentiary.

The evidence appearing in the statement of facts amply supports the judgment. There are a number of bills of exception in the record each of which has been carefully examined by us. Bills 2, 3, 4, 5, 6 and 7 are each qualified by the learned trial judge in such manner as that same presents no error. Bill of exception No. 1 complains of the testimony of G. R. Abney who testifies to certain actions of the appellant objected to because immaterial and irrelevant and not shown to have any connection with the offense on trial. There is nothing in the bill of exceptions from which this court can determine the propriety of the objections made.

Bill of exceptions No. 8 complains of the overruling of the motion to quash. The motion is lengthy and seeks to call in question matters heretofore settled to the satisfaction of this court pertaining to the constitutionality of the Dean Law, its conflict with the Volstead act and with the Eighteenth Amendment, and that the Eighteenth

Amendment was not properly adopted, etc., etc. The motion was properly overruled, and there is nothing in the bill.

There were three exceptions in writing to the charge, one for its failure to instruct a verdict of not guilty, another directed at the supposed failure of the court to instruct the jury as to the burden of proof, and another averring an incorrect application of the law to the facts. We do not think either contention sound. Complaint is made of the refusal of special charges each of which have been examined by us but we find ourselves unable to agree with appellant in either instance. We think the witness Pollock sufficiently qualified from his experience in the matter of handling and tasting whisky to be able to identify and testify to the contents of the jugs and containers in evidence.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

### May 14, 1924.

LATTIMORE, JUDGE.—Appellant stresses what he claims to be an error in the assumption of jurisdiction of this case by the trial court. The record shows the indictment was originally returned in the Fifty-eighth District Court of Beaumont and that it was transferred to the Sixtieth District Court of the same county, and later was found upon the docket of the Fifty-eighth District Court. There is nothing in the record showing how the case came to be so transferred. The burden would be upon appellant who asserts the illegality of the transfer, to show it. Merely to complain of such fact, does not amount to proof of the wrongful transfer.

It is also insisted that we did not discuss the proposition contained in appellant's fourteenth bill of exceptions. It therefrom appears that after his arrest and release on bond appellant accused the prosecuting witness of having turned him in and made a statement amounting to a threat toward said witness. Proof of such fact would seem to be entirely competent. That one charged with crime threatened or attempted to intimidate a witness against him, would be provable in any case.

The motion for rehearing will be overruled.

*Overruled.*